Charles W. Klaren, Plaintiff-Appellee, v. Board of Fire
and Police Commissioners of the Village of West-
mont, an Illinois Corporation, Stephen S. Szymski,
Chairman, Francis S. Maier, and Alex N. Bruno,
Secretary, Defendants-Appellants.

Gen. No. 68–31.

Second Judicial District.

September 13, 1968.

Walter C. Wellman, of Lyons, and William A. Redmond, of Bensenville, for appellants.

Hooper, Bowers, Calkins and Carney, of Downers Grove, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff filed an action for an administrative review of the decision of the Board of Fire and Police Commissioners of the Village of Westmont (the Board), which found that his status was "Sergeant of Police of the Village." The Circuit Court adjudged that the finding and decision of the Board should be held for naught and ordered the Board "to enter in and upon its records a finding that the plaintiff . . . is a 'Captain of Police' of the Westmont Police Department." The Board appealed from this judgment.

On December 10, 1965, the plaintiff was requested to meet with the Board to discuss his status with the West-

mont Police Department, and on January 5, 1966, the Board entered an order finding that the status of the plaintiff was to be designated as "Sergeant of Police of the Village."

On January 8, 1966, a copy of the finding was delivered to one of the attorneys for the plaintiff, and on February 1, the plaintiff filed a petition with the Board requesting a hearing on his status as a member of the Police Department and that the finding dated January 5, be set aside.

A hearing was held on the plaintiff's petition on February 28, 1966. On March 9, 1966, the Board made a finding that the evidence introduced at the hearing on February 28 was insufficient to warrant an order vacating the finding and order entered on January 5, and ordered that the petition to vacate such finding and order be denied; and that the status of the plaintiff as a Sergeant of Police of the Police Department of Westmont, as determined by the order entered January 5, 1966, be affirmed. The administrative review action and appeal followed.

The Board contends:

(1) that it was incumbent on the plaintiff to take an administrative review from the finding and order entered January 5, 1966;

(2) that the finding of the Board that the plaintiff was a sergeant of police was neither manifestly against the weight of the evidence, nor arbitrary or capricious, and the Circuit Court had no right to set it aside;

(3) that the Circuit Court had no right to interfere with the discretion of the Board in determining the status of the plaintiff;

(4) that the evidence definitely showed that the plaintiff was not entitled to be blanketed in as a captain of police in that he had not served for more than one year as such prior to the time a

board of fire and police commissioners was appointed; and

(5) that the question involved is moot in that the plaintiff has taken a disability pension and is no longer a member of the police department.

In event we sustain the Board's threshold procedural contention, we will not reach the other reasons assigned for reversal of the judgment below.

It is uncontroverted that the Board entered an order on January 5, 1966, finding that the plaintiff held the status of sergeant of police. Notice and a copy of this order was served on one of the attorneys for the plaintiff on January 8, 1966.

A petition to set aside this order was filed on February 1, and on February 5, a stipulation was entered into between the attorneys for the Board, the Village, and the plaintiff, that the appeal period under the Administrative Review Act would commence as of the date of the final order on said petition. A hearing was held on plaintiff's petition on February 28, 1966.

At this hearing, the plaintiff offered testimony and documentary exhibits pertinent to the controversy. The matter was argued by counsel for the plaintiff and the Board, and was taken under advisement. On March 9, 1966, the Board rendered its decision. The complaint for administrative review was filed on April 4—more than thirty-five days after the order of January 5, was served on plaintiff's attorney, but less than thirty-five days after the Board's decision of March 9.

The plaintiff contends that the appeal period under the Administrative Review Act would commence as of March 9, 1966—the date when the final order was entered on the petition filed February 1; and that the stipulation entered into by the attorneys for the plaintiff, the Village, and the Board (in the presence of the Board),

estops the Board from raising the limitation defense at this late date.

 However, it has long been the law that when a court has no jurisdiction of the subject matter, it cannot be conferred by consent; and that whether the question was raised in the lower court is immaterial because there can be no waiver of jurisdiction of the subject matter where the trial court lacked jurisdiction to enter the order appealed from. Toman v. Park Castles Apartment Bldg. Corp., 375 Ill 293, 302, 31 NE2d 299 (1941); Meyer v. Meyer, 328 Ill App 408, 419, 66 NE2d 457 (1946).

██ ██ There is no presumption in favor of the jurisdiction of courts of limited and inferior jurisdiction. 14 ILP, Courts, § 22. By analogy, the same rationale would apply to the finding and order of an administrative agency.

In Pearce Hospital Foundation v. Illinois Public Aid Commission, 15 Ill2d 301, 154 NE2d 691 (1958), the court held that the action of the commission in entertaining the petitions for retroactive reinstatement subsequent to its final order of April 26, 1957, did not have the effect of reopening the cause, or of detracting from the finality of its determination; and that the commission is a creature of statute and has no greater powers than those conferred upon it by the legislature. At page 307, the court stated:

> "Accordingly, it has been consistently held that an administrative agency may allow a rehearing, or modify and alter its decisions, only where authorized to do so by statute. (See: People ex rel. Illinois Highway Transportation Co. v. Biggs, 402 Ill 401; Illini Coach Co. v. Illinois Greyhound Lines, Inc., 403 Ill 21.)"

At pages 304 and 305, the court pertinently outlined the relevant provisions of the Administrative Review Act

(Ill Rev Stats 1967, c 110, pars 264–279, incl.), in these words:

> "Section 1 of the Administrative Review Act defines an administrative decision as follows: ' "Administrative decision" or "decision" means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and *which terminates the proceedings before the administrative agency.*' (Ill Rev Stats 1957, chap 110, par 264, emphasis supplied.) Section 2, in turn, provides that the act 'shall apply to and govern every action to review judicially a final decision of any administrative agency,' (par 265,) and it is the direction of section 4 that such judicial proceedings 'shall be commenced by the filing of a complaint and the issuance of summons *within thirty five days* from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby.' (Par 267, emphasis supplied.) In construing the latter direction we have held that a person seeking a judicial review of an administrative decision must act promptly and within the time prescribed by the statute. (People ex rel. Illinois Highway Transp. Co. v. Biggs, 402 Ill 401.) When the statutory definition and mandate are applied in the case at hand, it is manifest that appellees did not seek judicial review in apt time."

The defendants in the case at bar do not contend that any rule or statute authorizes the Board to grant a rehearing in this case. Under this posture of the case, the language of the court in Oliver v. Civil Service Commission, 80 Ill App2d 329, 224 NE2d 671 (1967), at pages 333, 334 and 335 is pertinent:

"Judicial review of an administrative decision may not be had until the aggrieved party has exhausted his administrative remedies. The Administrative Review Act provides that if an agency provides a method for rehearing a case, either by an agency rule or by a statutory provision, then an agency decision is not an appealable 'administrative decision' until the aggrieved party requests rehearing and his petition is denied. The statute further provides that in the event an agency does not have a provision for rehearing, the final order becomes ripe for review when it is rendered by the agency. The parties to this suit stipulated that the Commission does not have any rule or regulation providing a means for the rehearing of its decisions and therefore under the applicable provisions of the Administrative Review Act the order of May 8, 1963, was an 'administrative decision,' and the period for review began to run as of that date.

"Plaintiff argues that the Commission has the inherent power to correct its orders, just as courts have continuing jurisdiction over their own decrees. On this basis he contends that the Commission could correct its order even though there was no specific provision in the rules or in the ordinance for rehearing. The law is clear however that regulatory agencies have no inherent powers. They are creatures of statute, vested only with those powers specifically conferred upon them by the legislature and accordingly they may modify their decisions only where authorized to do so by statute. Pearce Hospital Foundation v. Illinois Public Aid Commission, 15 Ill2d 301, 154 NE2d 691.

"Plaintiff also contends that the Commission should be estopped from interposing the statute of limitations as a defense to this action because the Commission accepted the petition and entertained it

until the 35-day period had run and then acted on it by denying the relief sought. Plaintiff asserts that the conduct of the Commission was inconsistent with the theory that it could not rehear the case and that since the Commission induced plaintiff to refrain from commencing his action for judicial review, it may not be allowed to raise the statute of limitations as a defense. This theory however is not supported by the facts."

██ In the case at bar, the Board had no jurisdiction to hear the petition to set aside the finding and order of January 5, 1966. The parties litigant could not confer jurisdiction on the Board by consent, and the complaint to review said order should have been filed within thirty-five days from January 8, 1966—the date when a copy of such finding and order was served on the plaintiff's attorney. Such complaint was not filed until April 4, 1966, which was not within the thirty-five day limitation.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded with directions to enter an order dismissing the complaint for administrative review in that it was not filed within thirty-five days from January 8, 1966.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.