JOHN STEVENS, Plaintiff-Appellee, *v.* THE DEPARTMENT OF LAW ENFORCEMENT *et al.*, Defendants-Appellants.

(No. 58084;

First District (5th Division)—April 11, 1974.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellants.

Daniel J. Leahy, of Chicago, for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Plaintiff filed a complaint under the provisions of the Administrative Review Act to review the finding of discharge by the Civil Service Commission. The circuit court reversed the Civil Service Commission on the basis that the Commission lost jurisdiction of the case by failing to hold a hearing within 30 days after the date notice was received from plaintiff requesting a hearing. Defendants appeal arguing that the 30-day requirement is directory only.

Plaintiff was suspended as an employee of the Department of Law Enforcement pending discharge, for a 30-day period from June 22, 1971, to July 22, 1971. He had previously been suspended for 15 days in January 1971. He received notice of his discharge effective July 28, 1971, and filed a request for a hearing, which request was received on August 11, 1971, by the Civil Service Commission. The Commission set September 15, 1971, as the date for a hearing. The hearing was continued, on defendants' motion, to September 27, 1971. The hearing examiner's recommendation that plaintiff be discharged from his position as an agent with the Illinois Bureau of Investigation, Department of Law Enforcement, was adopted by the Civil Service Commission. Plaintiff's motion before the hearing officer to dismiss the charges because the hearing was scheduled beyond the 30-day limit was denied. It is admitted that the hearing was scheduled and held more than 30 days after plaintiff requested it.

The sole question involves the construction to be given to section 11 of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111), which in pertinent part provides:

> "No officer or employee under jurisdiction B, relating to merit and fitness, who shall have been appointed under the rules and after examination, shall be removed or discharged, demoted, or suspended for a period of more than 30 days, except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within fifteen days after the serving of the written charges upon him. *Upon the filing of such a request for a hearing, the Commission shall grant a hearing within thirty days.*" (Emphasis supplied.)

OPINION

Defendants in their brief correctly state the precise issue to be

"whether the word 'shall' was intended to be directory to the Civil Service Commission or rather whether it was meant to be mandatory and binding upon the Commission." We have filed today an opinion in *McReynolds v. Civil Service Com.*, 18 Ill.App.3d 1062,* where this exact issue was presented and decided by this court.

In *McReynolds* we held that the word "shall" was intended by the legislature to be a mandatory requirement. One basis for this determination was that the statute serves to protect the employee from possible injury and thus falls within the language of *People v. Jennings*, 3 Ill.2d 125, 127, 119 N.E.2d 781, where the court quoted from *French v. Edwards*, 80 U.S. (13 Wall.) 506, 20 L.Ed. 702, as stating:

> " '* * * But when the requisitions prescribed are intended for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise'."

We also considered the purpose of the statute and the language used. In view of our decision in *McReynolds*, an extended discussion is not necessary. The judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and LORENZ, J., concur.

---

* The instant case and *McReynolds* were argued orally together, before this court, although they were not consolidated on appeal.