ROBERT H. KAHN, Plaintiff-Appellee, Cross-Appellant, *v.* THE CIVIL SERVICE COMMISSION *et al.*, Defendants-Appellants, Cross-Appellees.

First District (5th Division)    No. 62161

Opinion filed July 23, 1976.

William J. Scott, Attorney General, of Chicago (Stephen R. Swofford, Assistant Attorney General, of counsel), for appellants.

James J. Ahern, of Chicago, for appellee.

Mr. JUSTICE BARRETT delivered the opinion of the court:

This action was brought under the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 264 *et seq.*) by plaintiff, Robert Kahn, against defendant, Civil Service Commission, to reverse its findings and decision. The Commission had determined that plaintiff should be discharged from his position as a supervisor with the Illinois Bureau of Investigation. The circuit court reversed the Commission's decision as contrary to the manifest weight of the evidence. The circuit court also found that the Commission did not lose jurisdiction by failing to grant a hearing within 30 days of plaintiff's request for a hearing and that the Commission's decision did not violate plaintiff's constitutional rights. Defendant appeals from the circuit court's decision that the Commission's determination was

against the manifest weight of the evidence. Plaintiff cross-appeals urging that the Commission had lost jurisdiction and that plaintiff's constitutional rights had been violated.

On March 30, 1973, plaintiff was suspended, pending discharge, from his position as Special Agent Supervisor in the Department of Law Enforcement (Department). The Department initiated discharge proceedings on April 23, 1973, by filing charges in six counts against plaintiff with the Commission. On May 11, 1973, the Commission received a request from plaintiff for a hearing. The hearing was originally set for May 25, 1973, but upon motion of the Department the hearing was continued to July 12, 1973. Three further continuances delayed the hearing until September 26, 1973.

At the outset of the hearing, plaintiff moved to dismiss the charges on the basis that the Commission had failed to grant plaintiff a hearing within 30 days after his request. The first continuance caused the hearing to be scheduled 62 days after plaintiff had requested it. The hearing was not held until 138 days after the request due to subsequent continuances. The Department opposed plaintiff's motion to dismiss by arguing that plaintiff had not objected to the continuances and that the last continuance (a duration of 15 days) had been granted pursuant to plaintiff's request. Plaintiff's counsel admitted that prior to the first continuance he received a call from an assistant attorney general informing him of the State's basis for desiring a continuance but he denied that he ever agreed with or joined the State in seeking a continuance. The record does not contain a statement of fact upon which the continuance was granted. The motion for the continuance was not in written form and the notice to plaintiff that a continuance had been granted to the Department did not give the reason upon which it was based. After listening to the argument of counsel, the hearing officer denied plaintiff's motion stating:

> "As far as the thirty days are concerned, the Commission has held the interpretation that the thirty-day rule is a directive, however, we do in all cases try to comply with that thirty-day rule, but we feel that it has been complied with; that that hearing has been set within the thirty days. The continuances, if requested for a good cause, are normally granted unless an objection is made and [it] is able to be shown that the continuance should not in fact be granted because there is none for [*sic*] good cause for the continuance."

After the hearing, the hearing officer's recommendation that plaintiff be discharged was adopted by the Commission. Plaintiff then brought an action for administrative review. Among the contentions raised before the circuit court was the Commission's loss of jurisdiction due to its failure to hold a hearing within 30 days of plaintiff's request. In his memorandum, plaintiff cited *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 311 N.E.2d 308, and *Stevens v. Department of Law Enforcement*

(1974), 19 Ill. App. 3d 24, 311 N.E.2d 312, as controlling precedent. These cases upheld the lower court's determinations that in each case the agencies involved lost jurisdiction when they failed to hold a hearing within 30 days and declared that the 30-day period was mandatory. However, the circuit court in the instant case held "[t]hat the Defendant, Civil Service Commission of Illinois, did not lose jurisdiction by reason of its failure to grant Plaintiff a hearing within thirty days * * * ." As the jurisdictional issue is dispositive of this appeal, we will address ourselves to that issue.

OPINION

■■ No presumption operates in favor of the jurisdiction of the courts of limited and inferior jurisdiction and this rationale is equally applicable to the finding and order of an administrative agency. (*Klaren v. Board of Fire & Police Commissioners* (1968), 99 Ill. App. 2d 356, 240 N.E.2d 535.) To give validity to its finding and order, an administrative agency must comply with the procedure and rules laid down by the legislature. (*Chicago Transit Authority v. Fair Employment Practices Com.* (1968), 103 Ill. App. 2d 329, 243 N.E.2d 638.) The purpose of the judicial review of an administrative agency's decision is to keep the agency within its jurisdictional grant and thus guard the rights of the parties which are guaranteed by the constitution and statutes. (*Hankenson v. Board of Education* (1957), 15 Ill. App. 2d 440, 146 N.E.2d 194.) In this case, the boundaries of defendant's jurisdictional grant are contained in section 11 of the Personnel Code (Ill. Rev. Stat. 1971, ch. 127, par. 63b111), which provides in pertinent part:

> "No officer or employee under jurisdiction B, relating to merit and fitness, who shall have been appointed under the rules and after examination, shall be removed or discharged, demoted, or suspended for a period of more than 30 days, except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within fifteen days after the serving of the written charges upon him. Upon the filing of such a request for a hearing, the Commission shall grant a hearing within thirty days."

The issue presented for our determination is whether the requirement that a hearing be granted within 30 days is met by scheduling it within the 30-day period and then continuing the matter beyond that period.

■■ Defendant contends that it complied with section 11 by scheduling the hearing within 30 days and then continuing the matter for limited periods for good cause shown. To support its position defendant argues that *McReynolds* did not address itself to the meaning of the word "grant" as used in section 11. We believe the words "grant a hearing" can only be construed as a mandate to "hold a hearing."

Defendant's main contention is set out in their reply brief on page six as follows:

"It has long been the commission's position, as embodied in its rules and practices, that an employee has been granted a hearing within the meaning of section 63b111, once the commission has set his case for hearing, and that hearing can be continued only for good cause, as it was in this case. Such a practice is, of course, consistent with practice of law before the courts and administrative agencies generally and benefits the employee and the state alike.

The commission's rule, which allows extensions only for good cause shown and only for limited periods, is a recognition of the fact that a strict 30-day rule, with no extensions permitted, would be impossible in practice to follow. The court is obviously aware that the realities of modern practice, the necessity of time for preparation of both the employee's and the state's cases, and the possibility of emergency and other unforeseen situations all militate against the imposition of a rigid 30-day rule."

The Supreme Court has recognized that a need for continuances may arise in practice before defendant. (*Lindeen v. Illinois State Police Merit Board* (1962), 25 Ill. 2d 349, 185 N.E.2d 206.) Continuances which extend the commencement of the hearing to a time beyond the 30-day period can be granted for good cause as in *Horan v. Foley* (1963), 39 Ill. App. 2d 458, 188 N.E.2d 877. In *Horan* the agency had convened to hear the case within the 30-day period but circumstances caused it to grant a continuance extending beyond the period for good cause which was clearly shown in the record.

■■ It should be noted that because there is no presumption in favor of the jurisdiction of administrative agencies, the facts upon which their jurisdiction is founded must appear in the record. (*Kozsdiy v. O'Fallon Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 173, 334 N.E.2d 325.) As heretofore indicated, the record in this case does not contain a statement of fact upon which the continuances were granted, but on the contrary gives only a vague indication as to the cause upon which a hearing scheduled 14 days into the 30-day period was continued to 32 days beyond the close of that period.

The jurisdictional issue being dispositive of this appeal obviates the necessity of discussing the remaining issues. Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ, P. J., and DRUCKER, J., concur.