BOYLE and WOODWARD, JJ., concur.

LEON LE DESMA, Plaintiff-Appellant, *v.* THE VILLAGE OF BURR RIDGE FIRE AND POLICE COMMISSION *et al.*, Defendants-Appellees.

Second District   Nos. 78-33, 77-563 cons.

Opinion filed June 1, 1978.

Kowalczyk & Stogsdill, of Glen Ellyn, and Richard F. McPartlin, of Chicago, for appellant.

Klein, Thorpe & Jenkins, Ltd., of Chicago, and Robert F. Peck, of Western Springs, for appellees.

Mr. JUSTICE NASH delivered the opinion of the court:

Plaintiff, Leon Le Desma, appeals from orders of the Circuit Court of Du Page County denying his petition for injunction against defendant Village of Burr Ridge Fire and Police Commission (Commission). Defendant Village of Burr Ridge Board of Trustees (Trustees) joins the

Commission in an interlocutory appeal of a stay order entered by the trial court prohibiting the Commission from hearing charges against plaintiff pending his appeal from the order denying injunction. Plaintiff has filed a further motion to dismiss the interlocutory appeal which we have ordered taken with the case and we have consolidated these appeals for hearing and decision.

Plaintiff had been a police officer of the village for eight years prior to March 31, 1977, and held the rank of sergeant. As a result of an incident occurring at a motel in the village on March 23, 1977, the chief of police issued a written order suspending plaintiff from duty for five days without pay and reducing him in rank to patrolman. At plaintiff's request, a hearing of the charges against him was held by the Trustees at the conclusion of which he was informed that the Trustees would consider the evidence and render a written decision. They have not yet done so.

While this matter was being considered by the Trustees the village adopted division 2.1 of article 10 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, pars. 10—2.1—1 through 10—2.1—30), which provides for a board of fire and police commissioners, and the Commission established pursuant to that division now seeks to consider the same charges against plaintiff. Plaintiff contends that the Trustees retained jurisdiction to hear and decide his appeal to them of the disciplinary penalty imposed by the chief of police. Defendants, on the other hand, contend the Commission has sole jurisdiction and may consider the charges anew and impose such penalties, including discharge, as seem appropriate. The trial court, in effect, determined that the Commission has exclusive jurisdiction to consider disciplinary matters within the village police department. We agree with that general conclusion.

The disciplinary proceedings we have described were carried out pursuant to ordinances of the village enacted by authority of section 11—1—2 of the Illinois Municipal Code which provides that "[t]he corporate authorities of each municipality may prescribe the duties and powers of all police officers." (Ill. Rev. Stat. 1975, ch. 24, par. 11—1—2.) The ordinance governing the police department adopted by the village provides in section 29—15 that "[a]ppointments to, promotions within and discharges from the police department shall be made by the president with the approval of the board of trustees," and that the Trustees may suspend any member of the department for a period of 60 days. Section 7.01 of the police department rules and regulations, adopted by the Trustees, provides the procedures and penalties for disciplinary actions which may be taken against an officer and requires that the chief of police make an investigation and thereafter "the suspect officer will be charged with a violation or exonerated." The regulations further provide that a written report of any charges shall be made to the violating officer

and that "he may apply for an opportunity to be heard in his own defense by either the board or the chief of police."

The only written report of charges made to plaintiff by the chief of police was dated March 31, 1977, and entitled "Order of Suspension and Demotion." It notified plaintiff that pursuant to the village ordinance he was suspended for five days without pay from March 25 through March 29, 1977, and effective March 31, 1977, was demoted to patrolman by order of the village president. The order further described the reasons upon which it was based as a charge that on March 23, 1977, plaintiff became intoxicated and created a disturbance on the premises of a Ramada Inn by removing his revolver and placing it on a bar in a threatening and careless manner in violation of specified rules and regulations of the police department.

On April 8, 1977, plaintiff was advised by letter from the chief of police of his right to a hearing before the Trustees and on April 11 he formally demanded that hearing. He was thereafter given a written notice that the hearing would be held by the Trustees on May 31 on the same charges specified in the earlier order by the chief and that plaintiff would thereafter be either exonerated, suspended further, demoted or discharged or that the five-day suspension imposed by the chief would be confirmed or expunged. As we earlier indicated, the disciplinary hearing was then held by the Trustees on May 31, June 15 and June 29, 1977, totaling some five hours of proceedings, and its decision is yet to be announced.

During the time we described, however, on April 19, 1977, at an election held pursuant to section 10—2.1—27 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—27), the Village of Burr Ridge adopted division 2.1 of article 10 of the Code (Ill. Rev. Stat. 1975, ch. 24, pars. 10—2.1—1 through 10—2.1—30) which provides for the appointment of a board of fire and police commissioners. Thereafter, as is provided by section 10—2.1—1 of the Code, the president of the village, with the consent of the Trustees, appointed the members of the new board of fire and police commissioners. Plaintiff was notified by the Commission that a hearing would be held before it on October 8, 1977, relating to the same conduct and charges previously heard by the Trustees and that the Commission would thereafter take such action, including plaintiff's discharge, as it deemed appropriate. Plaintiff's effort to prevent that hearing by injunction was refused by the trial court and is the subject of this appeal. The determinative issue which we must resolve is whether the Trustees or the Commission now have jurisdiction to consider the disciplinary action against plaintiff which we have described.

■■ When a municipality becomes subject to the provisions of the board

of fire and police commissioners division of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, pars. 10—2.1—1 through 10—2.1—30) the commissioners appointed thereunder have exclusive jurisdiction to consider charges against a police officer which might subject him to discharge or suspension exceeding five days (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17; see *Edwards v. City of Marion* (1970), 130 Ill. App. 2d 895, 899-900, 266 N.E.2d 491, 494) and a city council or village board of trustees would not then be authorized to exercise disciplinary action against an officer as the power to do so is vested solely in the board of fire and police commissioners (see *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313). The case before us is unique in that the disciplinary action taken against plaintiff commenced at a time when only the chief of police or the Trustees were authorized to take such action. That was also true on April 11, 1977, when plaintiff requested the hearing to which he was entitled before the Trustees. Counsel advised the court during oral argument that at some point before the Trustees could render a decision they were informed of a possible jurisdictional conflict with the newly formed Commission and for that reason have chosen not to render their decision. The Trustees and Commission stand together in their arguments on this appeal, both contending jurisdiction lies solely with the Commission in this matter.

Our analysis of these unusual proceedings and the applicable village ordinances, departmental rules and statutes leads to the conclusion that plaintiff was investigated and disciplined by the chief of police, who was authorized to do so, and that neither the Trustees nor the Commission is empowered to thereafter increase the penalty so imposed.

The disciplinary scheme shown by the village ordinances and police' department rules and regulations permitted the chief of police to suspend an officer, with pay, during his investigation.[1] Departmental rule 7.02 sets out the penalties which may be imposed by way of disciplinary action against an officer and provides for the following:

"1. Reprimand by the Chief of Police.

2. Performance of extra duty without pay by Chief of Police.

3. Suspension from duty without pay by Chief of Police up to five days.

4. Reprimand by board.

5. Suspension from duty without pay by board up to thirty days.

6. Discharged from the department."

These penalties appear to be divided between the authority of the chief and the Trustees in accordance with their severity. After the chief's investigation, if he determines the violation to be too serious to merit only

---

[1] Plaintiff's brief states he was suspended effective 4 p.m. March 23, 1977, "until further notice or final disposition charging defendant, pending before my office."

the discipline within his authority to impose, then the matter must necessarily be heard and decided by the Trustees. In that event, the charges would need be filed with and considered by the Trustees as the only body authorized by village ordinance to impose the more serious disciplinary sanctions. The chief of police, however, did not file the charges in this case with the Trustees but, instead, on May 31 served notice on plaintiff that he was suspended for a five-day period ending May 29, 1977. That notice also informed plaintiff that by order of the village president he was demoted from his rank of sergeant to that of patrolman effective on that same date. It is apparent that had plaintiff chosen to accept the penalties therein imposed upon him for the conduct attributed to him at the motel this matter would have ended there. It was not until after plaintiff sought review of the disciplinary action taken by the chief of police that he was informed by the Trustees that in doing so they would also review the penalty imposed by the chief and might discharge him.

Plaintiff's request for a hearing before the Trustees may well have come about due to the notice of a demotion mentioned in the chief's order; there appears to be no other procedural route in the rules to cause an apparently unauthorized penalty imposed by the chief of police to be reviewed. As we have stated, the hearings were then held and the Trustees' decision has not been forthcoming by reason of the jurisdictional dispute we have mentioned.

The procedures followed by the chief of police and Trustees to this point are somewhat patterned after section 10—2.1—17 of the Illinois Municipal Code, which governs hearings conducted by boards of fire and police commissioners, and which provides in part that:

> "Nothing in this section shall be construed to prevent * * * the chief of the police department from suspending without pay a member of his department for a period of not more than 5 days, but he shall notify the board in writing of such suspension. Any policeman * * * so suspended may appeal to the board of fire and police commissioners for a review of the suspension within 24 hours after such suspension, and upon such appeal, the board may sustain the action of the chief of the department, may reverse it with instructions that the man receive his pay for the period involved, or may suspend the officer for an additional period of not more than thirty days or discharge him, depending upon the facts presented." (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17.)

We note, however, that the village had not established a similar procedure by its ordinances, rules or regulations governing disciplinary matters. It could not assume to itself the powers granted to police and fire commissions by the statute. Other than this statute, defendants have

suggested no authority permitting the Trustees to discharge an officer or impose additional sanctions on review of a disciplinary action taken by the chief of police.

■■ We believe the resolution of this matter is aided by the recent case of *Burton v. Illinois Civil Service Com.* (1978), 57 Ill. App. 3d 835, 373 N.E.2d 765. There plaintiff, a security fraud investigator employed by the Illinois Department of Revenue, was suspended for 10 days by notice listing "accepting a gratuity from a taxpayer" as the reason for the disciplinary action taken under the authority of the director of the department. The director later concluded plaintiff should be discharged and caused a notice of suspension pending discharge to be served upon him listing as reasons for suspension the acceptance of the gratuity, attempting to cause another employee to accept it and giving false information to cover up his wrongdoing. After a hearing before the Illinois Civil Service Commission plaintiff was discharged by that body; on administrative review the circuit court reversed the commission and reinstated plaintiff in his position and the appellate court affirmed. The court found that the initial 10-day suspension had been imposed for plaintiff's entire course of conduct, all of which had been known to the department head when that penalty had been initially decided upon, and as the commission had no statutory power for reconsideration of the department's decisions it was bound by the department's decision to impose the 10-day suspension on plaintiff, relying upon *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 154 N.E.2d 691, and *Klaren v. Board of Fire & Police Commissioners* (1968), 99 Ill. App. 2d 356, 240 N.E.2d 535. We believe a similar principle is applicable to the instant case. The chief of police was authorized by the ordinance and rules to suspend plaintiff pending his investigation and he did do so until the investigation was completed and his penalty decision had been made. The chief then imposed a penalty authorized by the ordinances, rules and regulations of the department by suspending plaintiff for a specified five-day period of time without pay. We find that neither the Trustees nor the Commission has further authority to consider these charges de novo against plaintiff and to impose other more substantial penalties for the same conduct considered by the chief of police. The cases relied upon by defendants for their argument that a new hearing may now be held by the Commission, with authority to discharge or to impose other penalties more substantial than did the chief, all concern the suspensions of officers *pending* an investigation and the filing of charges against them. (See *Bart v. Department of Law Enforcement* (1977), 52 Ill. App. 3d 487, 367 N.E.2d 773; *Westby v. Board of Fire & Police Commissioners* (1977), 48 Ill. App. 3d 388, 362 N.E.2d 1098; *People ex rel. Cotter v. Conlisk* (1974), 17 Ill. App. 3d 346, 308 N.E.2d 1; *Fantozzi v.*

*Board of Fire & Police Commissioners* (1963), 35 Ill. App. 2d 248, 182 N.E.2d 577, *aff'd* (1963), 27 Ill. 2d 357, 189 N.E.2d 275.) In the present case, however, both suspension pending investigation and the imposition of an ultimate penalty has already occurred.

Defendants also contend that section 10—2.1—17 of the fire and police commission provisions of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 10—2.1—17) permits review and revision of a penalty imposed by a chief of police. They overlook the fact that this section applies only to the Commission and not to a village board of trustees. When plaintiff sought review by the Trustees of the penalty imposed by the chief, they had no authority either by statute or ordinance to impose additional penalties on him, nor may the Commission now assert a right to do so.

■■ We have determined that jurisdiction to consider disciplinary matters in the Village of Burr Ridge Police Department was removed from its board of trustees and transferred to its board of fire and police commissioners upon adoption of division 2.1 of article 10 of the Illinois Municipal Code. There is no applicable savings clause which might continue jurisdiction of pending disciplinary matters in the Trustees nor does the statute directly provide for the resolution of such cases. In our view, plaintiff continues to have a right to the review of the penalty imposed upon him but it necessarily must now be conducted by the Commission rather than the Trustees. The Commission, of course, may only consider this pending matter on the same, limited basis as it stood before the trustees: a review of the penalty imposed with authority only to confirm it or reduce it in whole or part. As we have stated, neither the Commission nor the Trustees are authorized to increase the penalty already imposed by the chief of police in this case.

Plaintiff's motion to dismiss defendants' interlocutory appeal from the stay order entered by the trial court will be denied. Defendants' interlocutory appeal from the stay order which prohibited a hearing of the charges against plaintiff by the Commission pending plaintiff's appeal is now moot and need not be considered further.

For the reasons we have discussed the orders of the trial court dismissing plaintiff's complaint for injunction are affirmed.

Affirmed.

GUILD and RECHENMACHER, JJ., concur.