DONALD PAULIK, Plaintiff-Appellee, *v.* THE VILLAGE OF CASEYVILLE, Defendant-Appellant.

Fifth District   No. 80-482

Opinion filed September 18, 1981.

David Vaught, of Dan Walker Law Offices, of Fairview Heights, for appellant.

Stephen R. Rice, of Rice, Durso and Rice, of Belleville, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

This is an appeal from the Circuit Court of St. Clair County, Illinois, in a *mandamus* action wherein the trial court granted plaintiff's motion for summary judgment, ordered the plaintiff reinstated as a sergeant on

the Village of Caseyville's police department and awarded him back pay because of his wrongful discharge.

## THE FACTS

The plaintiff, Donald Paulik, was a member of the Caseyville Police Department for a number of years. He was promoted to sergeant, then chief of police of the department on October 1, 1973.

On December 4, 1975, plaintiff was removed from the position of chief of police by action of the mayor and the board of trustees of the village. He was returned to the department as a sergeant.

Subsequently, charges were filed against the plaintiff by the then acting chief of police, Darrell Raymer, before the board of fire and police commissioners. The charges were set for hearing on May 17, 1980. At this hearing the plaintiff, his attorney, an attorney for the Village and an attorney for the Board were present. At that time the plaintiff's attorney filed motions attacking, among other matters, the jurisdiction of the board to hear the charges. He was successful in convincing the board of his position. The board held they did not have jurisdiction to hear the charges and all pending charges were dismissed by the board.

On May 22, 1980, the mayor and the trustees of the village held a hearing in the presence of the plaintiff and his attorney, heard evidence and discharged the plaintiff from his position as sergeant.

On June 23, 1980, the plaintiff filed his complaint for *mandamus* praying that the village reinstate him as a member of the village police department with a minimum rank of sergeant and compensate him for back pay.

Both parties in the *mandamus* action filed motions for summary judgment, hearings were held, the plaintiff prevailed and this appeal ensued.

## ISSUES BEFORE THE COURT

1. Since the plaintiff was successful in challenging the jurisdiction of the Board of Police Commissioners, is he now estopped from challenging the jurisdiction of the mayor and the Village Board of Trustees.
2. Should the trial court have awarded back pay.

## OPINION

The defendant argues that since the plaintiff was successful in convincing the board of fire and police commissioners of the Village of Caseyville, Illinois, that they did not have jurisdiction to hear the charges filed before the said board, the plaintiff now is estopped to challenge the jurisdiction of the mayor and the board of trustees of the said village in discharging the plaintiff on May 22, 1980.

■■ In this proceeding at the trial court level, the attorney for the plaintiff admits the board was in error on the jurisdictional ruling. We agree. Under the Illinois Municipal Code, the board of fire and police commissioners is given jurisdiction over matters such as this. The controlling statute is section 10—2.1—17 (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—17). This statute states, "Except as hereinafter provided, no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense." It further states, "The board of fire and police commissioners shall conduct a fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof, which hearing may be continued from time to time. In case an officer or member is found guilty, the board may discharge him, or may suspend him not exceeding 30 days without pay." The law in Illinois is well settled that when a municipality becomes subject to the provisions of the board of fire and police commissioners division of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 10—2.1—1 *et seq.*), the commissioners appointed under such provisions have exclusive jurisdiction to consider charges against a police officer which might subject him to discharge. (See *Le Desma v. Village of Burr Ridge Fire & Police Com.* (1978), 60 Ill. App. 3d 768, 377 N.E.2d 319; *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313.) Having determined that the board of fire and police commissioners of Caseyville had jurisdiction to hear the charges, we must now decide if the doctrine of estoppel is applicable and, if so, will estoppel confer jurisdiction upon the mayor and the village board where the plaintiff was instrumental in convincing the board it did not have jurisdiction.

"The general rule is that where a party by his statements or conduct leads another to do something he would not have done but for the statements or conduct of the other, the one guilty of the expressions or conduct will not be allowed to deny his utterances or acts to the loss or damage of the other party. The party claiming the estoppel must have relied upon the acts or representations of the other and have had no knowledge or convenient means of knowing the true facts." *Dill v. Widman* (1952), 413 Ill. 448, 455-56, 109 N.E.2d 765, 769.

■■ The supreme court in *Young v. Illinois Athletic Club* (1923), 310 Ill. 75, 84, 141 N.E. 369, 372, stated that, "If both parties are equally cognizant of the facts and one has acted under a mistaken idea of the law, the other party cannot say he has been deceived thereby and is entitled to an application of the rule, but will be considered as having acted upon his own judgment solely."

There is no question that both parties in this case were cognizant of the facts; the only dispute was on the law. The village's attorney argued

before the board that the board had jurisdiction, therefore the village should not be allowed to argue they have been misled or relied upon the plaintiff's erroneous position.

It is a familiar rule in Illinois that if the court does not have jurisdiction over the subject matter, then the parties cannot confer jurisdiction by consent. (*Toman v. Park Castles Apartment Building Corp.* (1940), 375 Ill. 293, 31 N.E.2d 299.) We hold further that jurisdiction over the subject matter cannot be conferred by estoppel. (See 20 Am. Jur. 2d *Courts* §95 (1965).) Since the defendants did not have jurisdiction over the subject matter, any order entered was void. *Toman.*

The question of back pay is discretionary with the trial court. Absent abuse of discretion, we will not disturb the trial court's finding.

The evidence shows the plaintiff has been unemployed since the date of his wrongful discharge; therefore, he is entitled to full back pay. *People ex rel. Siegal v. Rogers* (1947), 397 Ill. 187, 73 N.E.2d 316.

Affirmed.

KASSERMAN, P. J., and JONES, J., concur.