411 Ill. 559 (1952)
104 N.E.2d 612
JOHN M. STROHL et al., Appellees,
v.
MACON COUNTY ZONING BOARD OF APPEALS et al., Appellants.
No. 32215.
Supreme Court of Illinois.
Opinion filed March 20, 1952.
*560 KENNETH E. EVANS, State's Attorney, LLOYD F. LATENDRESSE, and ROY B. FOSTER, all of Decatur, for appellants.
JOHN ALAN APPLEMAN, of Urbana, and DWIGHT H. Doss, of Monticello, for appellees.
Reversed and remanded.
Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:
Appellants, who are the Macon County Zoning Board of Appeals, the county of Macon, and Alan N. Buck, the county administrative officer, appeal from a decree of the circuit court of Macon County which reversed an order of the board denying the request of John M. Strohl and Lorene S. Strohl, the appellees, for the rezoning of certain of their property situated within the county limits. The decree also enjoined appellants from interfering with appellees' use of their premises for the purposes of a grocery store and meat market. The proceeding in the circuit court was a judicial review purportedly brought under the provisions of the Administrative Review Act, (Ill. Rev. Stat. 1951, chap. 110, pars. 264-279.) The appeal has been taken directly to this court because constitutional issues were raised and passed upon in the proceeding in the circuit court and the decisions thereon preserved for review. Appellees have filed a cross appeal, *561 contending that the lower court erred in not finding the County Zoning Act (Ill. Rev. Stat. 1951, chap. 34, pars. XXXX-XXXX) to be unconstitutional in its entirety.
Since January 1, 1950, final decisions of a county zoning board of appeals have been subject to judicial review pursuant to the provisions of the Administrative Review Act, (Laws of 1949, p. 689,) and the result has been a marked departure from the method and manner of judicial review previously prescribed in section 3 of the County Zoning Act. (Ill. Rev. Stat. 1947, chap. 34, par. 152k.) We are particularly concerned here with the requirements relating to pleadings and the record on review, and the scope of the review. Section 9 of the Administrative Review Act makes the following provisions with regard to pleadings and the record on review:
"(a) (Complaint.) The complaint shall contain a statement of the decision or part thereof sought to be reviewed. It shall specify whether the transcript of evidence, if any, or what portion thereof, shall be filed by the agency as part of the record. Upon motion of any defendant, or upon its own motion, the court may require of the plaintiff a specification of the errors relied upon for reversal.
"(b) (Answer.) Except as herein otherwise provided, the administrative agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review, including such evidence as may have been heard by it and the findings and decisions made by it. By order of court or by stipulation of all parties to the review, the record may be shortened by the elimination of any portion thereof. If the complaint specifies that none or only a part of the transcript of evidence shall be filed as part of the answer and if the administrative agency or any other defendant objects thereto, the court shall hear the parties upon this question and make a finding as to whether all, or if less than all, what parts of the *562 transcript shall be included in the answer. No pleadings other than as herein enumerated shall be filed by any party unless required by the court.
"(c) (Record after remandment.) If the cause is remanded to the Administrative Agency and a review shall thereafter be sought of the administrative decision, the original and supplemental record, or so much thereof as shall be determined by court order or the stipulation of all the parties, shall constitute the record on review."
The foregoing section has been implemented by Rule 71(4) of this court, which provides: "The original copy of the answer of the administrative agency, consisting of the record of proceedings (including the evidence, if any,) had before the administrative agency, may, upon the order of the trial court, be incorporated in the record on appeal from the Circuit or Superior Courts to the Appellate or Supreme Court."
The scope of the judicial review of a final administrative decision is set forth in section 11 of the Administrative Review Act as follows:
"(Scope of review.) Every action to review any final administrative decision shall be heard and determined by the court with all convenient speed. The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."
The pleadings and procedure on judicial review in the present case appear to have been conducted in complete disregard of the foregoing legislative directions. Although the complaint requested that the defendants named be required to file a complete record of the proceedings under *563 review, all that was filed was an answer which merely admitted or denied the various allegations of the complaint and prayed that judicial review be denied. No attempt was made to incorporate the record of proceedings required by statute, nor does there appear to have been any stipulation to a shortened record. The circuit court was asked to make a judicial review of an administrative decision, yet did not have before it a record of the administrative proceedings, a statement of the decision appealed from, or a transcript or stipulation of the evidence upon which the administrative decision was based, if such were the case. The validity of the Macon County zoning ordinance was attacked, yet the pleadings before the circuit court did not even contain the content of such ordinance. Instead of confining itself to a review of the record of the administrative proceedings, as the statute directs, the circuit court conducted a trial de novo, permitting appellees to introduce testimony and exhibits into evidence and to call members of the board as adverse witnesses to determine their motives for the administrative decision being reviewed. The decree of the circuit court appealed from was based upon the record made at the trial de novo and did not result from a review of the administrative record as contemplated by the Administrative Review Act.
The Administrative Review Act does not purport to give an independent remedy, or create any new cause of action, but merely provides a method of review, whereby challenged decisions of the administrative body may be subjected to a review. It provides for reviews of the decisions of the board on the record alone, as no new or additional evidence in support of, or in opposition to, any finding, order, determination, or decision of the administrative agency shall be heard by the court, and the findings and conclusions of the agency on questions of fact shall be held prima facie true and correct. (Krachock v. Department of Revenue, 403 Ill. 148.) Whether or not the Macon *564 County Zoning Board of Appeals made findings and conclusions on questions of fact in the present case cannot be judicially determined, for no record of the administrative proceeding or of the decision to be reviewed was ever brought before the circuit court. The nearest the complaint comes in this regard is to state that appellees received notice that their petition for rezoning had been denied. Section 3.2 of the County Zoning Act (Ill. Rev. Stat. 1951, chap. 34, par. 152k.2,) requires that the Board of Appeals "keep minutes of its proceedings, showing the vote of each member upon every question, or if absent or failing to vote, indicating such fact, and shall also keep records of its examinations and other official actions. Every rule, regulation, every amendment or repeal thereof, and every order, requirement, decision or determination of the board shall immediately be filed in the office of the board and shall be a public record." If the mandate of this section has been complied with, some record of the board's actions and of its decision must exist and a judicial review of the final administrative decision must be predicated upon it.
In remarks addressed to the circuit court before its hearing in this cause, counsel expressed themselves as not being interested in the technicalities of procedure and pleading, but only in getting a determination by the court of the issues which had arisen between the parties. While we can sympathize with a desire to bring litigation to a hasty conclusion, a final and orderly judicial determination can be accomplished in this cause only in the manner prescribed by the legislature. As pointed out in Krachock v. Department of Revenue, 403 Ill. 148, and again in Winston v. Zoning Board of Appeals, 407 Ill. 588, the Administrative Review Act is an innovation and departure from the common law, since it abolishes many of the common-law remedies and points out the procedure to be followed to obtain relief, and the procedure it establishes must be pursued to justify its application. If the method of procedure *565 followed here were to be allowed, its effect would be to cause the court to act as a zoning board of appeals. Such a result is not contemplated by either the Administrative Review Act or the County Zoning Act.
Section 12(1) (b) of the Administrative Review Act, (Ill. Rev. Stat. 1951, chap. 110, par. 275,) empowers the circuit court to make any order that it deems proper for the amendment, completion or filing of the record of proceedings of the administrative agency. Subparagraph (2) of the same section provides that "Technical errors in the proceedings before the administrative agency * * * shall not constitute grounds for the reversal of the administrative decision unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him." If the board failed to keep a record of its proceedings as required, we consider their failure to be beyond the scope of a technical error and that it would work a substantial injustice on appellees if the continued delay in using their property as they choose can be attributed to such failure. If, on the other hand, appellants have merely omitted to file the record, appellees are equally at fault in failing to pursue their prayer that appellants produce it and, further, in not pleading the administrative decision sought to be reviewed. The decree of the circuit court of Macon County is therefore reversed and set aside and the cause is remanded to that court to determine if a record of administrative proceedings was kept. If it is determined that none was kept, it is directed that the decision of the Board of Appeals be reversed, whereas if it be determined that the record exists, it is directed that the cause be remanded to the board with directions to complete and file it in this cause, and that judicial review in the manner contemplated by the Administrative Review Act be completed.
Reversed and remanded, with directions.