Board of Education of Tilden Grade School, etc., Plaintiffs-Appellants, v. Ned F. Carlton, et al., Defendants-Appellees.

**Gen. No. 62–F–11.**

Fourth District.
February 27, 1962.

Lindauer, Lindauer, Pessin & Nieman, of Belleville, for appellant.

Conn & Clendenin, of Sparta, for appellee.

SCHEINEMAN, J.

This case was an Administrative Review in which the plaintiffs seek to appeal from the judgment of the Circuit Court. The defendants have filed a motion to dismiss the appeal on the ground the Record on Appeal was not filed in this court within the time required by rule, which motion has been considered by this court.

Uniform Appellate Court Rule No. 1 and Supreme Court Rule No. 36 provide that the record on appeal shall be filed in the reviewing court not more than 60 days after the filing of notice of appeal. These rules provide for the granting of an extension of time by the reviewing court or a judge thereof, upon proper showing. There is no authority vested in the trial court or judge to extend this time limit.

When evidence has been received in open court, there may be some delay due to the Official Reporter being unable to complete the Report of Proceedings within the time fixed by the rules. Therefore, the judge of the trial court is given limited authority to extend, up to 45 days, the time for filing this report. When that has been done properly, the *rule* extends the time for filing the record on appeal to ten days after the extended time for filing the report of proceedings.

Since this was an administrative review, the hearing was upon the evidence and proceedings before the administrative body, and nothing more is added thereto in the Circuit Court. Strohl v. Macon County Zoning Board of Appeals, 411 Ill 559, 104 NE2d 612. Thus there is no report of proceedings for the Reporter to prepare.

The notice of appeal in this case was filed with the clerk on June 22, 1961, and the record on appeal was filed in this court on September 25, 1961, long after

the expiration of the 60 days allowed for its filing. In the meantime, counsel had procured an order from one of the circuit judges purporting to extend the time for filing the nonexistent report of proceedings.

There is no basis for extending the time to file something that does not and cannot exist. Therefore, the time to file the record on appeal has not been extended. This is not a new rule applying only to Administrative Review cases. It applies also when all the evidence has been heard and reported by a Master in Chancery. Strickland v. Washington Bldg. Corp., 287 Ill App 340, 4 NE2d 973.

When there is no report of proceedings, or where the praecipe does not require it to be included in the record on appeal, the trial court has no authority to grant any extensions of time. Cosgrove v. New York, C. & St. L. Ry., 11 Ill App2d 574, 138 NE2d 112. The motion to dismiss must be allowed, and this appeal is dismissed.

Appeal dismissed.

HOFFMAN, P. J. and CULBERTSON, J., concur.