DONALD W. COLLINS, Plaintiff-Appellee, *v.* EDWIN C. TOWLE *et al.*,
Defendants-Appellants.

(No. 70-151;

Fifth District—January 27, 1972.

754

Don Scott, of Harrisburg, and Ivan A. Elliott, Jr., of Carmi, for appellants.

Boswell & Ferguson, of Harrisburg, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The Board of Police and Fire Commissioners of the City of Harrisburg, Illinois, appeal the trial court's entry of summary judgment on plaintiff's motion in an administrative review of his discharge as a probationary policeman. The trial court, in accordance with Chapter 24, Sec. 10—2.1—17, Illinois Revised Statutes, 1969, and the Illinois Administrative Review Act, especially Chapter 110, Sec. 268, Illinois Revised Statutes, 1945, ordered plaintiff's reinstatement. We affirm.

The record discloses that the City of Harrisburg was subject to Division 2.1, Article X, of the Illinois Municipal Code (Ill. Rev. Stat., 1969, ch. 24, pars. 10—2.1—1 to 10—2.1—29,) (hereinafter, Municipal Code) which governs the appointment, tenure, promotion and discharge of police and fire officials in certain municipalities. On or about October 13, 1969, plaintiff was appointed to the Harrisburg Police Department. On April 14, 1970, plaintiff received a letter signed by defendant which stated:

"In accordance with the attached letter from Mr. Roy Lane, Com-

missioner of Police * * * and by the verbal request of Mr. Ross Lane, Chief of Police * * * we hereby notify you of your dismissal from the Police Department * * *." Defendant's Exhibit A.

The attached letter referred to in defendant's exhibit A was designated defendant's exhibit B. It indicated that the written recommendation of Roy Lane that plaintiff be dismissed was based upon an alleged act of insubordination, namely, his refusal to resign from a part-time job.

In his complaint, plaintiff alleges that defendants violated the Municipal Code. Specifically, he avers "that no written charges were served upon, or exhibited to, the plaintiff, nor were any valid written charges prepared or filed, nor was there a hearing before said board at a regular meeting, or at any other time regarding said charges or reason for the discharge of plaintiff as a police officer in and for the City of Harrisburg, Illinois, all in violation of Section 10—2.1—17 of the Municipal Code * * *."

Section 10—2.1—17 of the Municipal Code states:

"* * * No officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense * * *."

Division 2.1 explicitly provides for only two types of appointment, "regular" (10—2.1—4) and "temporary" (10—2.1—16). The rule-making authority of a board of police and fire commissioners is limited by Section 10—2.1—5. That section states that the governing body of a municipality subject to the Division may authorize the board of police and fire commissioners to promulgate rules in order to "(1) carry out the purpose of this Division 2.1, and (2) for appointment and removals in accordance with the provisions of this Division 2.1. * * *" Furthermore, this section limits a board's rule-making power thus:

"These rules of the board shall apply only to the conduct of examinations for original appointments, for promotions, and to the conduct of hearings on charges brought against a member of the police or fire department."

The Division contains no explicit provision authorizing the existence of "probationary" status of original appointment. However, Section 10—2.1—15, which deals with the unrelated subject of examinations for promotion, states in relevant part:

"The method of examination * * * shall be the same as for applicants for original appointment, except that original appointments only shall be on probation, as provided by the rules."

Careful reading of this provision reveals that the phrase "as provided by the rules" might modify the word "probation" or, alternatively, the phrase

"examination * * * for original appointment." We find that the most reasonable solution of this ambiguity, and the one most consistent with sub-section 5, quoted *supra*, is that it modifies the latter phrase.

At all relevant times, the following two rules, promulgated by defendants in accordance with the grant of rule-making authority from the municipal government as required by the statute, were in effect:

"Section 6. All original * * * appointments shall be for a period of six months, which shall serve as a probationary period, during which time the appointee's work shall be evaluated and rated monthly by the chief of police of the police department or the fire chief of the fire department. These ratings shall be submitted to the board for final action. Prior to the completion of the probationary period, the chief of police and the fire chief shall make written recommendations to the board for the dismissal or retention of the probationer together with written comments concerning the probationer.

Section 7. At any time during the probationary period, or at the end of six months from date of appointment or promotion any probationer may be discharged or demoted by the board without assigning cause or without a hearing."

Defendants-appellants present the following issues for review: (1) Does the statute regulating appointment of policemen authorize appointment in a probationary status? (2) Can a probationary policeman be terminated without charges and hearing?

■■ We answer the first question in the affirmative. As indicated by its reference to a probationary period in the employment of police officers under the Division. Furthermore, a board could properly promulgate reasonable rules concerning such a probationary status, if such rules were consistent with Section 10—2.1—5, quoted *supra*. However, all municipal employees subject to Division 2.1 are entitled to be discharged only for cause and upon written charges and after an opportunity to be heard. Sub-section 17 is explicit and all-inclusive in securing these rights for all officers and members of the fire or police departments of any municipality subject to the Division. The legislature made no exception for probationary employees, and none should be inferred by the courts.

■■ It would also be consistent with Division 2.1 for the rule-making authority to promulgate a quantitatively different standard of cause in cases involving probationary employees than that for permanent employees, if reasonable, and so long as the statutory requirements of notice and hearing are met. The Appellate Court in *Davern v. Civil Service Comm.*, 115 Ill.App.2d 93, (rev'd. on other grounds, 47 Ill.2d 469) stated at 104:

"* * * In the statute controlling the discharge, in certain municipali-

ties, of Civil Service policemen and fireman for 'cause' (Ill. Rev. Stats., 1965, ch. 24, par. 10—2.1—17), 'cause' is not defined by the Legislature. In interpreting this statute, reviewing courts have held that the administrative agency is to decide what conduct justifies cause for removal. When the Administrative Review Act is invoked and the courts are asked to review a final decision of an administrative agency, the judiciary will not reweigh the evidence but will only determine if the order of discharge is not arbitrary but is just and reasonable in light of the evidence presented to the agency."

■■■ Section 6 of the rules promulgated by the defendant for the purpose of regulating probationary employment is reasonable and consistent with sub-sections 17 and 5, cited *supra*. However, Section 7 of those rules is inconsistent with the explicit requirements of sub-section 17 and therefore unreasonable and an abuse of delegated power. (*Davern v. Civil Service Comm., supra; Skokie Federal Savings & Loan Ass'n. v. Savings & Loan Board of Illinois*, 88 Ill.App.2d 373.) Section 7 is therefore invalid.

■■ Had defendants compiled with the requirements of Section 6 of their own rules, our judgment in this case might well be different. However, the only evidence on record regarding compliance or non-compliance with this rule is defendant's Exhibit A, which states that plaintiff's dismissal was based upon the "verbal request of * * * chief of police." Rule 6 requires that it be based upon the written request of the chief of police. Although this issue is not raised in pleadings or argued in appellate briefs, it is competent for an appellate court to affirm a trial court judgment on the basis of unargued legal grounds having factual support in the record. *Illinois Bell Telephone Co. v. Illinois Commerce Comm.*, 414 Ill. 275, 285; *Wolf v. Lake*, 178 Ill.App. 340; Rule 366(a) (5), Supreme Court of Illinois.

For the foregoing reasons the judgment of the Circuit Court of Saline County is affirmed.

Judgment affirmed.

JONES and EBERSPACHER, JJ., concur.