ROBERT ROMANIK, Plaintiff-Appellee, *v.* THE BOARD OF FIRE AND POLICE COMMISSIONERS OF EAST ST. LOUIS, Defendant-Appellant.

(No. 73-326; ▮▮▮▮▮▮▮▮

Fifth District—May 7, 1974.

▮▮▮▮▮▮▮▮▮▮▮▮▮

Earle McCaskill, of East St. Louis, for appellant.

Hillebrand, Cook & Shevlin, Ltd., of East St. Louis, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal by the defendant-appellant Board of Fire and Police Commissioners from an order of the circuit court of St. Clair County reinstating Probationary Patrolman Robert Romanik to the East St. Louis Police Department with back pay.

Plaintiff-appellee Romanik, a probationary patrolman since March 2, 1972, was dismissed January 9, 1973, by the Board.

The record discloses that the Board acted on a written recommendation to dismiss Romanik made by the Chief of the East St. Louis Police Department. This written recommendation was accompanied by a record of occurrences involving the plaintiff which indicated, in the opinion of the chief, that Romanik had conducted himself in a manner "unbecoming a police officer", and that this conduct "definitely indicates his inability to adjust and conform to conduct required of a probationary patrolman." The plaintiff brought suit under the Administrative Review Act (Ill. Rev. Stat., ch. 110, par. 264 *et seq.*), alleging, among other things, that plaintiff was neither afforded notice of these charges against him nor granted a hearing in order to answer said charges.

We have previously held, in *Collins v. Towle,* 3 Ill.App.3d 753, 279 N.E.2d 172, that probationary patrolmen are to be considered as members of the police department for the purpose of the division of the Munic-

ipal Code dealing with removal or discharge; specifically including therein section 10—2.1—17.

Hence, the only question before us is whether the plaintiff was denied notice and a hearing as prescribed by the aforesaid section 10—2.1—17 (Ill. Rev. Stat. 1973, ch. 24, par. 10—2.1—17).

We can find nothing in the record to indicate that the Board did, in fact, comply with this statute.

The decision of the circuit court of St. Clair County is therefore affirmed.

Affirmed.

EBERSPACHER and CARTER, JJ., concur.