Vincent Kozsdiy, Plaintiff-Appellant, *v.* O'Fallon Board of Fire and Police Commissioners, Defendant-Appellee.

(No. 74-259;

Fifth District—August 21, 1975.

Jerome J. Schlichter, of Cohn, Carr, Korein, Kunin & Brennan, of East St. Louis (Howard Eglit, of counsel), for appellant.

Delmar O. Koebel, of Lebanon (William L. Gagen, of counsel), for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of St. Clair County affirming the action of the O'Fallon Board of Fire & Police Commissioners discharging the appellant from his position as patrolman for the O'Fallon Police Department. Appellant had commenced employment with the police department on June 26, 1973. In a monthly meeting after he assumed his new duties as chief of police on September 1, 1973, the chief of police orally outlined a new departmental dress code concerning the permissible length of hair and sideburns. On November 23, 1973, the appellant was temporarily suspended for failure to comply with the grooming order issued by the chief of police. A hearing before the O'Fallon Board of Fire & Police Commissioners was held on December 15, 1973, and the Board subsequently ordered that the appellant be discharged from the police force.

Appellant contends on appeal that enforcement of the grooming regulations constitutes a violation of his rights of personal expression and speech as guaranteed by the United States and Illinois Constitutions. He also alleges that enforcement of the grooming regulations constitutes a violation of the equal protection of the law because the regulations did not apply to a female member of the O'Fallon Police Department. We need not discuss the merits of these arguments for we are of the opinion that jurisdictional defects were of such a nature as to render the order of the O'Fallon Board of Fire and Police Commissioners void and of no effect.

The pertinent provision of section 10—2.1—17 of the Municipal Code (Ill. Rev. Stat., ch. 24, § 10—2.1—17), which governs the discharge of municipal firemen and policemen, is set out as follows:

"* * * no officer or member of the fire or police department of any municipality subject to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense."

This court has determined that "[t]he plain meaning of Section 10—2.1—17 is that no officer or member of a police department subject to the provisions of the Act may be discharged except in accordance with those provisions and any discharge not in accordance with those provisions is ineffective." (*Edwards v. City of Marion*, 130 Ill.App.2d 895, 899, 266 N.E.2d 491.) Since the record on appeal contains no written charges against the appellant indicating compliance with the above-stated

statutory provision, we find that this omission constitutes a jurisdictional defect which rendered the action of the O'Fallon Board of Fire and Police Commissioners dismissing appellant void. *Collins v. Towle,* 3 Ill.App.3d 753, 279 N.E.2d 172.

> "There is no presumption of jurisdiction in favor of a body exercising a limited or statutory jurisdiction. Nothing is taken by intendment in favor of such jurisdiction but the facts upon which the jurisdiction is founded must appear in the record." *Funkhouser v. Coffin,* 301 Ill. 257, 261, 133 N.E. 649, 650; *Cartan v. Gregory,* 329 Ill.App. 307, 68 N.E.2d 193.

In the case of *In re Estate of Randell,* 12 Ill.App.3d 640, 641-42, 298 N.E.2d 735, this court said:

> "The evidence here shows the essentials necessary to invoke the jurisdiction of the court under this statute, either residence or property, are lacking. Where the trial court has no jurisdiction an appeal can confer no jurisdiction on the reviewing court. The objection to jurisdiction may be interposed at any time, even by the court of appeal on its own motion. *Barger v. Slayden,* 411 Ill. 237, 103 N.E.2d 645; *People v. Industrial Savings Bank,* 275 Ill. 139, 113 N.E. 937; *People v. LaPorte,* 28 Ill.App.2d 139, 171 N.E.2d 95; *In re Estate of Hirsh,* 27 Ill.App.2d 228, 169 N.E.2d 591."

Likewise, we will not ignore a statutorily mandated requirement in reviewing this case.

■■ In *Cartan v. Gregory* the plaintiffs were police officers who had been discharged by the Civil Service Commission of the City of Chicago. The civil service act then in effect had provisions for removal of employees nearly identical to section 10—2.1—17, *i.e.,* that no employee should be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. (Ill. Rev. Stat. 1945, ch. 24½, § 51.) The court concluded, as we do here, that the filing of written charges was a jurisdictional prerequisite to the exercise of the power of removal.

Written charges were particularly important here to apprise the appellant of the nature of his alleged violation, for there were no written regulations concerning permissible hair length; rather, the appellant was forced to proceed with reference to oral and potentially subjective rules propounded by the new chief of police.

In *Kalman v. Walsh,* 355 Ill. 341, the Department of Education and Registration of the State of Illinois sought to revoke the dental license of one Abraham Kalman. Kalman filed a suit in equity to enjoin the department from proceeding against him, alleging among other things that no written charges as contemplated by the statute were filed against

him. The department's demurrer to plaintiff's complaint was sustained by the trial court. In order to revoke or suspend a person's license to practice dentistry, the dental surgery act required that written charges be filed. (Ill. Rev. Stat. 1931, ch. 91, § 62—8.) The supreme court reversed, saying at page 347:

> "The charges against the complainant herein, in order to confer jurisdiction upon the dental committee, should have been in writing, filed with the secretary of the board and contain direct, positive and specific charges based upon the alleged commission by the accused of some of the acts prohibited by section 7. [Citations.]
>
> Under the notice purporting to contain the charges against the complainant and served upon him by the Department, the dental committee has no jurisdiction to conduct the alleged investigation against him or to enter any order revoking or suspending his license."

The language contained in section 10—2.1—17 (Ill. Rev. Stat., ch. 24, § 10—2.1—17) is similar to that contained in section 11 of the Illinois Personnel Code (Ill. Rev. Stat., ch. 127, § 63b111) which provides:

> "No officer or employee under jurisdiction B, relating to merit and fitness, who has been appointed under the rules and after examination, shall be removed or discharged, demoted or suspended for a period of more than 30 days, except for cause, upon written charges approved by the Director of Personnel, and after an opportunity to be heard in his own defense if he makes written request to the Commission within fifteen days after the serving of the written charges upon him."

In *McReynolds v. Civil Service Com.*, 18 Ill.App.3d 1062, 311 N.E.2d 308, the sole question presented was whether the word "shall" as used in the Personnel Code was mandatory or directory. In holding it to be mandatory the court explained that it was doing so because the language of the statute so required and further because the statute was written for the protection of the employee. In *Stevens v. Department of Law Enforcement*, 19 Ill.App.3d 24, 26, 311 N.E.2d 312, the court said:

> "In *McReynolds* we held that the word 'shall' was intended by the legislature to be a mandatory requirement. One basis for this determination was that the statute serves to protect the employee from possible injury and thus falls within the language of *People v. Jennings*, 3 Ill.2d 125, 127, 119 N.E.2d 781, where the court quoted from *French v. Edwards*, 80 U.S. (13 Wall.) 506, 20 L.Ed. 702, as stating:
>
> '"* * * But when the requisitions prescribed are intended

for the protection of the citizen, and to prevent a sacrifice of his property, and by a disregard of which his rights might be and generally would be injuriously affected, they are not directory but mandatory. They must be followed or the acts done will be invalid. The power of the officer in all such cases is limited by the manner and conditions prescribed for its exercise."'

We also considered the purpose of the statute and the language used. In view of our decision in *McReynolds*, an extended discussion is not necessary. The judgment of the circuit court is affirmed."

■■ Aside from the errors noted above, this court is not in a position to review the record due to the absence of necessary findings. The supreme court of this State has very recently reaffirmed the rule that an order of an administrative agency must contain findings to make possible a judicial review of the agency's decision. (*Reinhardt v. Board of Education*, 61 Ill.2d 101, 329 N.E.2d 218.) The order the Board entered on January 14, 1974, dismissed the appellant in the following manner:

"After due consideration of the transcript of the hearing held on the 15th day of December, 1973, and after careful consideration of the facts presented, we find you guilty of the rule violation as charged. In view of your attitude towards discipline you are hereby discharged from the O'Fallon Police Department of the City of O'Fallon, Illinois, effective January 15, 1974, by order of the Board of Fire and Police Commissioners of O'Fallon, Illinois."

While the findings of an administrative body such as "guilty as charged" have been upheld as incorporating by reference the factual data contained in the charges (*Reich v. Board of Fire & Police Commissioners*, 13 Ill.App.3d 1031, 301 N.E.2d 501), the order in this case may not be sustained in this manner for no written charges existed.

. "Findings of fact are determinations, from the evidence of a case, either by a court or an administrative agency, concerning the facts averred by one party and denied by another." (*Dendor v. Board of Fire & Police Commissioners*, 11 Ill.App.3d 582, 588, 297 N.E.2d 316.) From this definition it is obvious that a statement such as "in view of your attitude toward discipline," is not a finding of fact. It leaves us in the position of guessing what the Board deemed relevant in deciding to discharge the appellant. There can be no decision on constitutional issues when it is not clear what evidence was accepted or rejected or what ground the Board relied on in reaching its decision. In short, it is impossible for us to fulfill our function under the purpose and policy of the Administrative Review Act without knowing the reasons for the appellant's discharge.

For the foregoing reasons the judgment of the circuit court is reversed and the order of the O'Fallon Board of Fire and Police Commissioners discharging the appellant is also reversed.

Judgment reversed.

JONES, P. J., and CARTER, J., concur.