GERALD T. SHALLOW, Plaintiff-Appellant, *v.* THE POLICE BOARD OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (4th Division)    No. 61878

Opinion filed April 20, 1978.—Supplemental opinion filed on denial of rehearing June 8, 1978.

Lawrence W. Krupa, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Gerald T. Shallow, filed a complaint for administrative review in the circuit court of Cook County seeking to set aside the decision of the Police Board of the City of Chicago which had ordered that he be discharged from the police department. The circuit court affirmed the decision of the Board and plaintiff appeals contending, *inter alia*, that the Board's decision is against the manifest weight of the evidence.

We reverse and remand for further hearing.

Plaintiff's complaint for administrative review, filed on July 2, 1973, states in part:

"2. That on February 13, 1973 and February 14, 1973 and March 6, 1973 and April 6, 1973 a hearing was had on charges held before

Attorney Garland W. Watt, a hearing officer of the Police Board of the City of Chicago.

3. That on or about May 24, 1973, the members of the said Police Board did allegedly sign a finding and decision whereby they separated the Plaintiff, GERALD SHALLOW from his position as a Sergeant in the Department of Police, City of Chicago.

4. That said findings and decisions were delivered to plaintiff, GERALD SHALLOW, and to his attorney, LAWRENCE W. KRUPA, on May 29, 1973.

5. That the findings and decisions above referred to concerning SGT. GERALD SHALLOW were against the manifest weight of the evidence."

The complaint also requested that a complete transcript of the administrative proceedings be provided by the Board as its answer to the complaint. In answering the complaint, the Board filed a two-page document indicating that the entire record of the administrative proceedings was simultaneously filed with the clerk of the court as the Board's answer. This transcript of proceedings, now a part of the record on appeal, contains neither the recommendation of the hearing officer, the findings of the Board, nor its final decision.

The circuit court sustained the Board's decision in an order entered July 18, 1974; however, no transcript of the proceedings leading to that order of the circuit court is provided in the record on appeal. Plaintiff's motion for a new trial was denied and he appealed.

I

This action is governed by the terms of the Administrative Review Act. (Ill. Rev. Stat. 1973, ch. 110, pars. 264 through 279.) We are particularly concerned here with the requirements relating to pleadings and the record on review, and the scope of the review.

Section 9 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 272), makes the following provisions with regard to pleadings and the record on review:

"(a) Complaint.) The complaint shall contain a statement of the decision or part thereof sought to be reviewed. It shall specify whether the transcript of evidence, if any, or what portion thereof, shall be filed by the agency as part of the record. Upon motion of any defendant, or upon its own motion, the court may require of the plaintiff a specification of the errors relied upon for reversal.

(b) Answer.) Except as herein otherwise provided, the administrative agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings

under review, *including such evidence as may have been heard by it and the findings and decisions made by it.* By order of court or by stipulation of all parties to the review, the record may be shortened by the elimination of any portion thereof. If the complaint specifies that none or only a part of the transcript of evidence shall be filed as part of the answer and if the administrative agency or any other defendant objects thereto, the court shall hear the parties upon this question and make a finding as to whether all, or if less than all, what parts of the transcript shall be included in the answer. No pleadings other than as herein enumerated shall be filed by any party unless required by the court.

(c) Record after remandment.) If the cause is remanded to the Administrative Agency and a review shall thereafter be sought of the administrative decision, the original and supplemental record, or so much thereof as shall be determined by court order or the stipulation of all the parties, shall constitute the record on review." (Emphasis added.)

This section has been implemented by Supreme Court Rule 291(e) (Ill. Rev. Stat. 1973, ch. 110A, par. 291(e)), which provides:

"The original copy of the answer of the administrative agency, consisting of the record of proceedings (including the evidence, if any) had before the administrative agency, shall be incorporated in the record on appeal unless otherwise ordered by the trial court."

The scope of the judicial review of a final administrative decision is set forth in section 11 of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 274):

"Every action to review any final administrative decision shall be heard and determined by the court with all convenient speed. The hearing and determination shall extend to all questions of law and of fact presented by the entire record before the court. No new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court. The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."

## II

The pleadings filed in the circuit court and the procedure followed in this case do not conform to the requirements set out by statute. Although the complaint requested that the defendant Board file a complete record of the administrative proceedings under review, no recommended

decision of the hearing officer, findings or final decision of the Board were included in the Board's answer. The circuit court was asked to make a judicial review of an administrative decision, yet it had neither that decision nor the reasons for reaching that decision before it. See *Strohl v. Macon County Zoning Board of Appeals* (1952), 411 Ill. 559, 104 N.E.2d 612.

■■ On review it is not the duty of the court to weigh the evidence but rather it is its duty to ascertain if the findings and decision of the administrative agency are against the manifest weight of the evidence. (*Schnulle v. Board of Fire & Police Commissioners* (1974), 16 Ill. App. 3d 812, 306 N.E.2d 906.) An order of an administrative agency must thus contain findings to make possible a judicial review of the agency's decision. (*Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218.) Whether or not the Board made findings and conclusions on questions of fact in the present case cannot be judicially determined for no record of the decision to be reviewed was ever brought before the circuit court.

We note that findings of an administrative body such as "guilty as charged" have been held sufficient where they have been found to incorporate by reference the factual data contained in the charges. (*Reich v. Board of Fire & Police Commissioners* (1973), 13 Ill. App. 3d 1031, 301 N.E.2d 501.) But here the court has not even been provided with a final decision which incorporates the charges and upon which judicial review can be obtained.

The problems presented by an incomplete record were noted in *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 173, 334 N.E.2d 325. In commenting upon the absence of findings the court stated:

"It leaves us in the position of guessing what the Board deemed relevant in deciding to discharge the appellant. There can be no decision on constitutional issues when it is not clear what evidence was accepted or rejected or what ground the Board relied on in reaching its decision. In short, it is impossible for us to fulfill our function under the purpose and policy of the Administrative Review Act without knowing the reasons for the appellant's discharge." 31 Ill. App. 3d 173, 177, 334 N.E.2d 325, 329.

### III

■■ Here it appears that findings and a final decision do exist. Indeed, the complaint for administrative review makes reference to such a document. The duty of filing a complete record of the administrative proceedings falls on the Board; however, if the findings and decision have

merely been omitted from the record, the plaintiff is equally at fault in failing to pursue his prayer that the Board produce a complete record of proceedings.

The decree of the circuit court is therefore reversed and set aside and the cause is remanded to that court to determine if a complete record can be obtained. If the findings and decision exist, appropriate steps should be taken to include them in the record, and to complete judicial review of this matter in the manner contemplated by the Administrative Review Act.

Reversed and remanded with directions.

JOHNSON, P. J., and ROMITI, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE LINN delivered the opinion of the court:

In its petition for rehearing defendant, Police Board of the City of Chicago, objects to our reversal and remandment of the case to determine whether a complete record of the administrative proceedings can be obtained. Because we reached this issue on our own, the parties not having had an opportunity to brief or argue the issue, we make the following comments in response to the arguments raised in the Board's petition for rehearing.

In remanding this case to the trial court for the purpose of completing the record of the administrative proceedings, we did not reach the merits of the case. We merely held that to enable a court to determine whether the findings and decision of an administrative agency are against the manifest weight of the evidence, the findings and decision reached by the agency must be presented to the court for its consideration. In this case the documents which have been included in the record, including the transcript of the hearings at the agency level, are of little meaning without the findings or a final decision based on the charges brought against the plaintiff by the Board. This court should not be expected to speculate as to the result of an agency proceeding or the reasons for that result.

It is the duty of the appellant to present a complete record of the trial court proceedings to the reviewing court on appeal (*Nelson v. Nelson* (1974), 17 Ill. App. 3d 651, 308 N.E.2d 132); however, it is the duty of the administrative agency to provide the trial court on administrative review with a complete record of the administrative proceedings as its answer to the complaint (Ill. Rev. Stat. 1973, ch. 110, par. 272). In this case the parties share the responsibility for insuring that a complete record is

presented. We do not wish to single out for blame or to punish a particular party for the inadequacies of the record. It is not the parties, but the court, which has been prejudiced by an incomplete record. Indeed, from all the pleadings it appears that both sides have copies of the findings and decision.

Not only is this court unable to complete its reviewing function, but the trial court, which from all indications in the record had neither the findings nor decision before it, could not have properly performed its function. Although the final order recites that the trial court was "fully advised in the premises," the lack of findings or a decision is an obvious omission. (See *Johnson v. Lynch* (1977), 66 Ill. 2d 242, 362 N.E.2d 345.) Logic prevents this court from assuming that the missing documents were presented to or considered by the trial court.

Where a party seeks to amend or correct the record made in the trial court, "[a]ny controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court * * *." (Ill. Rev. Stat. 1977, ch. 110A, par. 329.) We believe that the trial court should have the opportunity to correct or amend the defects in the record, to review the findings and decision of the Board and to render a decision based upon them. After that has taken place this court will be available to review the decision of the trial court.

To clarify our opinion we point out that other documents which may have aided in reconstructing what happened before the Board and the trial court are not provided in the record before us. We do not mean by this statement that a transcript of the arguments before the trial court, a recommendation by the hearing officer, or detailed findings by the Board are essential components of a reviewable record, only that they may have provided some assistance in our understanding of the proceedings below.

For these reasons the petition for rehearing is denied.

JOHNSON, P. J., and ROMITI, J., concur.