2019 IL App (3d) 170638

Opinion filed September 4, 2019

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| THE BOARD OF EDUCATION, KEWANEE SCHOOL DISTRICT 229, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, |
| v. | ) ) | Henry County, Illinois. |
| THE REGIONAL BOARD OF SCHOOL TRUSTEES, BUREAU, HENRY AND STARK COUNTIES; ANGIE ZARVELL, Regional Superintendent of Schools; JEREMY S. HELTON, KATIE MARIE HELTON, CHAD J. JOOS, JOANNA R. JOOS, CAROL S. KERSEY, KEVIN W. ROSE, LAURA M. ROSE, CONNIE SUE STETSON, MARK J. STETSON and MICHAEL J. STETSON, in Their Capacities as Attorneys-in-Fact; CONNIE SUE STETSON, Individually; LAURA M. ROSE, Individually; STEVEN ENDRESS, Superintendent of Bureau Valley School District 340; and THE BUREAU VALLEY SCHOOL DISTRICT 340, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal No. 3-17-0638 Circuit No. 16-MR-73  The Honorable Terence M. Patton, Judge, presiding. |
| Defendants | ) ) | |
| (Connie Sue Stetson and Laura M. Rose, Defendants-Appellants). | ) ) | |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Presiding Justice Schmidt and Justice Lytton concurred in the judgment and opinion.

## OPINION

¶ 1      Defendants Jeremy S. Helton, Katie Marie Helton, Chad J. Joos, Joanna R. Joos, Carol S. Kersey, Kevin W. Rose, Laura M. Rose, Connie Sue Stetson, Mark J. Stetson, and Michael J. Stetson (collectively, the petitioner defendants) filed a petition to detach 2010 acres of Kewanee Community Unit School District 229's (District 229) boundary and annex it to Bureau Valley Community Unit School District 340 (District 340). In October 2015, a hearing on the petition was held, and defendant, the Regional Board of School Trustees, Bureau, Henry and Stark Counties (Board), issued a denial of the petition. Defendants Connie and Laura (collectively, the individual defendants) submitted a petition for rehearing and placed a notice of public hearing in the local newspaper. In December 2015, the Board granted the petition for rehearing. In January 2016, a rehearing was held, and District 229 filed a motion to dismiss, claiming that the Board lacked jurisdiction to review the petition for rehearing, which the Board denied. Ultimately, the Board granted the detachment petition despite District 229's objections. In March 2016, District 229 filed a complaint for administrative review. The trial court found that it could not review the Board's decision on the petition for rehearing because it failed to keep a record of the proceedings in accordance with the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2016)) and reversed the Board's grant of the petition for detachment. The individual defendants filed a motion for vacation or modification of judgment, which the trial court denied. The individual defendants appealed, and we affirm.

¶ 2                                FACTS

¶ 3      The petitioner defendants and two other individuals filed a petition for school district boundary change to detach 2010 acres of land from District 229 and annex it to District 340. All

2

12 individuals were registered voters and residents in District 229. In compliance with statutory requirement, the petition identified a "committee of [10]" of the 12 individuals to act for the petitioners. Before a hearing on the petition occurred, two of the petitioner defendants moved outside of District 229.

¶ 4    In October 2015, a hearing was held, which Connie, Michael, Laura, and Carol attended. The Board voted to deny the petition for detachment.

¶ 5    Before the Board issued its written decision, the individual defendants submitted a petition for rehearing. In November 2015, the Board issued a written order denying this initial petition for rehearing.

¶ 6    Subsequently, the individual defendants submitted a second petition for rehearing, alleging that (1) counsel had rendered ineffective assistance, (2) the Board's denial of the detachment petition based on the individual defendants' failure to provide notice to property owners was error because notice was not statutorily required, and (3) the individual defendants were not statutorily required to obtain signatures from all owners in the territory proposed to be detached. A notice of public hearing on the request for rehearing was published in the newspaper. The notice stated:

> "NOTICE OF PUBLIC HEARING
>
> Notice is hereby given that the Regional Board of School Trustees for Bureau, Henry, and Stark Counties will conduct a public meeting on Wednesday, December 9, 2015 commencing at 1:00 p.m. The purpose of the meeting is to consider a request for a rehearing. The meeting will be held at Regional Office of Education, 107 S. State Street, Atkinson, Illinois."

3

District 229 claims that its superintendent, Dr. Chris Sullens, did not receive notice of the public hearing until he discovered the notice in the newspaper three days before the scheduled public meeting date.

¶ 7    In December 2015, a hearing on whether to grant the second petition and schedule a new detachment hearing was held. Minutes were taken at the hearing, which showed that Connie had testified in support of a rehearing, that District 229 testified in opposition to rehearing, and that the Board had voted to grant the rehearing.

¶ 8    In January 2016, a new hearing on detachment was convened. District 229 challenged the Board's jurisdiction to engage in the new hearing claiming there was no evidence that the individual defendants had requested rehearing within the time period prescribed in section 7-6(n) of the School Code (105 ILCS 5/7-6(n) (West 2016)). After the Board denied that motion to dismiss, District 229 raised oral objections, alleging that the Board failed to create a record of the proceedings on the petition for rehearing. The following discussion occurred:

"MS. VANDER BROEK: And then finally as just a matter for the record, because there is no record of the rehearing, I would like to file our continuing objection to this rehearing with the Board. And I do have copies for all the board members if you would like them, or if you just want the one.

[REGIONAL SUPERINTENDENT] ZARVELL: Again, motion denied. The—There was no obligation to have a hearing to determine if there needs to be a rehearing. The Regional Board of School Trustees was required to meet per the Open Meetings Act.

We met those requirements. The Board met. We took public

comment. The Board has rendered their decision."

Ultimately, the Board reversed its earlier decision and granted the individual defendants'

detachment petition.

¶ 9        In March 2016, District 229 filed a complaint for administrative review in the circuit

court. District 229 also filed a motion for default judgment against eight of the petitioner

defendants, Jeremy S. Helton, Katie Marie Helton, Chad J. Joos, Joanna R. Joos, Carol S.

Kersey, Kevin W. Rose, Mark J. Stetson, and Michael J. Stetson, for failing to file an appearance

and against the Board and Angie Zarvell, the regional superintendent of schools, for failing to

timely file a record of the proceedings. The court granted the default judgment against the eight

petitioner defendants and extended the time of the Board, Zarvell, and District 229 to file

pleadings. In August 2016, the parties filed a joint motion to extend the briefing schedule to

allow the Board additional time to file a complete administrative record, which the court

allowed. In September 2016, the court entered another agreed order in which the briefing

schedule was extended again to allow the Board additional time to file an administrative record.

District 229 filed a brief in support of its complaint, and defendants filed a supplemental answer

to the complaint.

¶ 10        A hearing on the complaint was held. The trial court found that, without a written finding

and record, it could not determine whether the Board's allowance of the petition for rehearing

was proper and, consequently, remanded the case for a new hearing. District 229 objected and

filed a motion to reconsider, arguing that the court should reverse the Board's decision rather

than remand the case because, under *Strohl v. Macon County Zoning Board of Appeals*, 411 Ill.

559, 565 (1952), the Board's failure to keep a record of the proceedings on the petition for

5

rehearing constitutes a reversal of its decision. The court granted District 229's motion to reconsider and, amending its initial order, reversed the Board's decision on the January 2016 hearing and the petition for rehearing, thereby reinstating the Board's earlier decision denying detachment.

¶ 11　　　The individual defendants filed a motion for vacation or modification of judgment, arguing that (1) section 7-6(n) of the School Code did not require the Board to conduct a hearing on the petition for rehearing, (2) section 7-6(n) did not require the individual defendants to provide notice of the petition for rehearing to District 229, and (3) the Board had jurisdiction to hear the claim under section 7-6(n) because the petition for rehearing was filed within 10 days from the Board's November 3, 2015, order. The individual defendants also claimed that the petition for rehearing and the transcript of the January 2016 rehearing provided evidence to show the Board had sufficient cause to grant rehearing or, in the alternative, remand was the appropriate remedy. The individual defendants attached Connie's affidavit to the motion. In the affidavit, she claimed that she had made an audio recording, and subsequently a transcript, of the hearing on the petition for rehearing. The court denied the individual defendants' motion, and the individual defendants solely appealed.

¶ 12　　　　　　　　　　　　　　　ANALYSIS

¶ 13　　　　　　　　　　　　　　I. Jurisdiction

¶ 14　　　As a preliminary matter, we address District 229's argument that the Board lacked jurisdiction to review the petitioner defendants' detachment petition because it did not have statutory authority to review a petition when the designated committee of 10 fell below the requisite number of committee members in violation of section 7-6(c) of the School Code (105 ILCS 5/7-6(c) (West 2016)).

¶ 15    A decision rendered by an administrative agency that lacks jurisdiction over the parties or the subject matter or that lacks the inherent power to make or enter the decision involved is void and may be attacked at any time or in any court, either directly or collaterally. *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 112 (1976). As the supreme court has explained:

> "An administrative agency is different from a court because an agency only has the authorization given to it by the legislature through the statutes. Consequently, to the extent an agency acts outside its statutory authority, it acts without jurisdiction. [Citation.] The term jurisdiction, while not strictly applicable to an administrative body, may be employed to designate the authority of the administrative body to act ***. [Citation.] Thus, in administrative law, the term jurisdiction has three aspects: (1) personal jurisdiction—the agency's authority over the parties and intervenors involved in the proceedings, (2) subject matter jurisdiction—the agency's power to hear and determine causes of the general class of cases to which the particular case belongs [citation], and (3) an agency's scope of authority under the statutes. ***
>
> * * *
>
> We acknowledge that, theoretically, anytime an agency makes an erroneous decision, it acts without statutory authority because the legislature and the statutes do not give an agency the

7

power to make erroneous decisions. [Citation.] We are confident, however, that a reviewing court can make the appropriate distinction between an erroneous decision and one which lacks statutory authority." (Internal quotation marks omitted.) *Business & Professional People for the Public Interest v. Illinois Commerce Comm'n*, 136 Ill. 2d 192, 243-45 (1989).

¶ 16    Section 7-6 governs the procedures in detachment proceedings. Specifically, section 7-6(c) states:

"When a petition contains more than 10 signatures the petition shall designate a committee of 10 of the petitioners as attorney in fact for all petitioners, any 7 of whom may make binding stipulations on behalf of all petitioners as to any question with respect to the petition or hearing ***, and the regional board of school trustees *** may accept such stipulation in lieu of evidence or ***. The committee of petitioners shall have the same power to stipulate to accounting or waiver thereof between school districts; however, the regional board of school trustees *** may refuse to accept such stipulation. Those designated as the committee of 10 shall serve in that capacity until such time as the regional superintendent of schools or the committee of 10 determines that, because of death, resignation, transfer of residency from the territory, or failure to qualify, the office of a particular member of the committee of 10 is vacant. Upon determination that a vacancy

8

exists, the remaining members shall appoint a petitioner to fill the designated vacancy on the committee of 10. The appointment of any new members by the committee of 10 shall be made by a simple majority vote of the remaining designated members." 105 ILCS 5/7-6(c) (West 2016).

¶ 17    Petitioner defendants complied with committee of 10 requirements under section 7-6(c). That section does not require, as District 229 argues, that all 10 members must be present at the hearing, that affidavits of the nonpresent members could not be used to represent the committee, or that the committee must provide stipulations that all its members authorized defendants to proceed with the petition for detachment. See *Gillespie Community Unit School District No. 7 v. Wight & Co.*, 2014 IL 115330, ¶ 31 ("It is improper for a court to depart from the plain statutory language by reading into the statute exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent."). The petitioner defendants initially designated a committee of 10 in their petition, stating, "We further pray that Michael Stetson, Connie Stetson, Laura Rose, Kevin Rose, Chad Joos, Joanna Joos, Jeremy Helton, Katie Helton, Carol Kersey and Mark Stetson be appointed as a Committee of ten to act as attorney-in-fact for us in this matter." Moreover, there is no evidence that the committee membership fell below 10 when 6 members were physically present at the January 2016 hearing and the absent remaining 4 members submitted affidavits requesting the court to grant the petition.[1] Petitioner defendants initially complied with the section 7-6(c)'s requirement that the petition designate a committee of 10 when it contains more than 10 signatures and their petition had 12. This requirement ensures that each member in a large group of signatories is fully represented through decisions of 7 out of 10

[1]This issue may actually be moot in this case.

members of the group acting pursuant to what is essentially a statutory power of attorney. When, as here, the number of signatories falls below 10, the statutory obligation becomes superfluous because the committee of 10 is no longer necessary to serve the purpose of the statute. Therefore, we reject District 229's challenge to the Board's jurisdiction.

¶ 18                                                   II. Record

¶ 19        Next, the individual defendants allege that section 7-6(n) of the School Code, which governs petitions for rehearing in detachment cases, does not require the Board to keep a record of the hearing on whether to allow rehearing. Furthermore, the individual defendnats argue that the Board need not file a record of the hearing on the petition for rehearing when the petition itself and the transcripts from the October 2015 hearing and the January 2016 hearing show the Board had sufficient cause to grant the petition.

¶ 20        District 229 contends that the Board erred when it did not keep a record of the hearing on the petition for rehearing because the trial court can only review the record under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2016)) and, without the record, the court cannot determine whether the Board had sufficient cause to grant the petition. It argues that the petition for rehearing does not show sufficient cause to grant the hearing and, even so, the trial court cannot conduct judicial review without a record consisting of the evidence presented at the hearing and the Board's findings. District 229 also claims the Board's failure to show that it published notice to the public, posted an agenda of the hearing, and met and approved the meeting minutes in compliance with the Open Meetings Act (5 ILCS 120/2.02(a)-(b) (West 2016)) supports its argument that the Board failed to provide a record in accordance with the Administrative Law Review.

10

¶ 21    The question before us is whether the Board's failure to provide a record precluded judicial review of the petition for rehearing. "[W]here the historical facts are admitted or established, but there is a dispute as to whether the governing legal provisions were interpreted correctly by the administrative body, the case presents a purely legal question for which our review is *de novo*." *Goodman v. Ward*, 241 Ill. 2d 398, 406 (2011).

¶ 22    The individual defendants are correct that section 7-6(n) is devoid of any requirements that the Board must keep a record of the hearing on the petition. However, in Illinois, it is well-established that a trial court must not weigh the evidence when reviewing a final administrative decision but rather it must determine whether, on the record, the administrative agency's decision was against the manifest weight of the evidence. *Shallow v. Police Board*, 60 Ill. App. 3d 113, 116 (1978). "An order of an administrative agency must thus contain findings to make possible a judicial review of the agency's decision." *Id.* As the Fifth District explained in *Kozsdiy v. O'Fallon Board of Fire & Police Commissioners*, 31 Ill. App. 3d 173, 177 (1975):

> "It leaves us in the position of guessing what the Board deemed relevant in deciding to discharge the appellant. There can be no decision on constitutional issues when it is not clear what evidence was accepted or rejected or what ground the Board relied on in reaching its decision. In short, it is impossible for us to fulfill our function under the purpose and policy of the Administrative Review Act[2] without knowing the reasons for the appellant's discharge."

---

[2] The Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, ¶ 264 *et seq.*) is now known as the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2016)).

11

¶ 23    The Administrative Review Law governs the trial court's authority to review a final decision of an administrative agency. Section 3-108 of the Administrative Review Law (735 ILCS 5/3-108 (West 2016)) concerns an administrative agency's record on judicial review. It states, in relevant part:

> "(b) Answer. Except as herein otherwise provided, *the administrative agency shall file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review, including such evidence as may have been heard by it and the findings and decisions made by it*." (Emphasis added.) *Id.* § 3-108(b).

¶ 24    As set out in section 3-108, the record of proceedings *is* the answer of the school district. Absent a record, the District has not answered and is technically in default and cannot prevail. Section 3-108 derives from Illinois Supreme Court Rule 291(e) (eff. Jan. 1, 2016), which states:

> "(e) Record on Appeal. The original copy of the answer of the administrative agency, *consisting of the record of proceedings (including the evidence and exhibits, if any)* had before the administrative agency, shall be incorporated in the record on appeal unless the parties stipulate to less, or the trial court after notice and hearing, or the reviewing court, orders less." (Emphasis added.)

¶ 25    Our supreme court's decision in *Strohl*, 411 Ill. at 563, also provides guidance on this issue. In *Strohl*, the defendants challenged the trial court's reversal of Macon County Zoning Board of Appeals' denial of the plaintiffs' request to rezone their property. *Id.* at 560. The trial

12

court was not provided with a record. *Id.* at 561. Instead, the trial court conducted a trial *de novo* and based its determination on the record made during the trial. *Id.* Our supreme court held that, based on the Administrative Review Act and the Illinois Supreme Court rule, the trial court failed to comply with the provisions that require the court to review the complete record of the administrative proceedings. *Id.* at 562-63. The supreme court based its decision on the parties' failure to incorporate the record of the proceedings as required by statute and failure to provide any stipulation to shorten the record. *Id.* at 563. In particular, the court noted that the trial court did not have a record of administrative proceedings, a written administrative decision, nor a transcript or stipulation of the evidence before the administrative agency despite the statutory requirement that the trial court must make a judicial review of the administrative decision. *Id.*

¶ 26     The *Strohl* court explained that the Administrative Review Act does not give an independent remedy or create a new cause of action but denotes "a method of review, whereby challenged decisions of the administrative body may be subjected to a review" and provides for a review of the board's decision on the record alone. *Id.* It further stated that section 3.2 of the County Zoning Act (Ill. Rev. Stat. 1951, ch. 34, ¶ 152k.2) required the zoning board to keep minutes of the proceedings, "keep records of its examinations and other official actions," and file any decision of the board. (Internal quotation marks omitted.) *Strohl*, 411 Ill. at 564. The court stated that if the zoning board complied with section 3.2, "some record of the board's actions and of its decision must exist and a judicial review of the final administrative decision must be predicated upon it." (Internal quotation marks omitted.) *Id.* The supreme court stated that if the procedures that the act established are not applied, the trial court would improperly act as the zoning board of appeals and "[s]uch a result is not contemplated by either the Administrative Review Act or the County Zoning Act." *Id.* at 565.

¶ 27    Turning to the instant case and looking at the plain statutory language and established case law, the Board was required to file an answer consisting solely of the entire record of proceedings during the hearing on the petition for rehearing, including the evidence that was heard by the Board and the Board's findings and decisions. Here, no record of proceedings in accordance with the statutory provisions stated above was filed with petitioners' three supplemental answers even though District 229 twice requested that the Board attach the record. The individual defendants did attach the minutes of the hearing on the petition for rehearing in their motion to reconsider. However, the minutes do not comply with the statutory requirements that the record include the evidence the Board heard and the findings and decisions the Board made (see 735 ILCS 5/3-108(b) (West 2016); Ill. S. Ct. R. 291(e) (eff. Jan. 1, 2016)) nor did the parties stipulate to less in accordance with Rule 291(e).

¶ 28    The individual defendants cite *Board of Education of Rich Township High School District No. 227 v. Brown*, 311 Ill. App. 3d 478, 486-87 (1999), for the proposition that the board was not required to maintain a contemporaneous record of the proceeding. In that case, the plaintiffs argued that the board erred in granting the defendants' motion for rehearing under section 7-6(n) because the defendants failed to make a showing of sufficient cause. The motion for rehearing alleged that the board erred in denying the detachment based on the defendants' failure to prove the number of registered voters in the territory proposed to be detached. The First District held that the allegations in the motion were supported by case law and, therefore, the board did not abuse its discretion in granting the motion. *Id.* at 487-88.

¶ 29    However, the court in *Brown* did not state whether a record of proceedings was available, and without this critical information, we decline to extend *Brown* to this case. Therefore, we find that the Board was required to provide a record of proceedings, including any evidence it heard

14

and any findings and decisions it made, and that the Board failed to provide an adequate record for the trial court to properly review its rehearing determination. Because this issue is dispositive of this appeal, we need not address District 229's arguments that (1) the Board violated the Open Meetings Act and (2) that it was not given proper notice of nor afforded an opportunity to be heard on the petition for rehearing.

¶ 30                                            III. Remand

¶ 31     Also, the individual defendants argue that the trial court erred when it reversed rather than remanded the Board's decision. Specifically, the individual defendants allege that remand is necessary because it will allow the Board to provide a reasoned explanation for its decision. The individual defendants also assert that remand is necessary to allow the Board to review the audio recording and transcript of the hearing on the petition for rehearing attached to their motion for vacation or modification of judgment to determine whether they give a complete account of the hearing and, if so, to allow the Board to prepare a memorandum of its findings and conclusions based on the recording and transcript. Furthermore, the individual defendants contend that reversal would be a harsh outcome because the Board, not the individual defendants, was responsible for creating and filing a record of proceedings under section 3-108(b).

¶ 32     In reversing and remanding the zoning board's decision to determine whether a record of the administrative proceedings were kept, the *Strohl* court noted that, under the Administrative Review Act, technical errors in the administrative proceedings do not constitute grounds for reversal "unless it appears to the trial court that such error or failure materially affected the rights of any party and resulted in substantial injustice to him." (Internal quotation marks omitted.) *Strohl*, 411 Ill. at 565; 735 ILCS 5/3-111(b) (West 2016). It held that "[i]f the board failed to keep a record of its proceedings as required, we consider their failure to be beyond the scope of a

15

technical error" constituting reversal of the zoning board's decision. *Strohl*, 411 Ill. at 565. In accord with *Strohl*, we agree with the trial court's decision that the Board's failure to keep a record in accordance with the Administrative Review Law constituted a reversal of its decision. Therefore, we affirm the trial court's decision to reverse the Board's determination on the petition for rehearing.

¶ 33                                              CONCLUSION

¶ 34            The judgment of the circuit court of Henry County is affirmed.

¶ 35            Affirmed.

**No. 3-17-0638**

| | |
|---|---|
| **Cite as:** | *Board of Education, Kewanee School District 229 v. Regional Board of School Trustees, Bureau, Henry & Stark Counties*, 2019 IL App (3d) 170638 |
| **Decision Under Review:** | Appeal from the Circuit Court of Henry County, No. 16-MR-73; the Hon. Terence M. Patton, Judge, presiding. |
| **Attorneys for Appellant:** | Jacob J. Frost, of Spring Valley, for appellants. |
| **Attorneys for Appellee:** | Allen Wall, Caitlyn R. Culbertson, and Scott E. Nemanich, of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellee. |